IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| DOBOSZENSKI & SONS, INC.; and <br> DOUGLAS DOBOSZENSKI, <br> Plaintiffs, <br> v. <br> KATHLEEN SEBELIUS, *et al.*, <br> Defendants. | Case No. 0:13-cv-03148-JNE-FLN |

**DEFENDANTS' NOTICE OF NON-OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND STAY OF PROCEEDINGS**

In light of the rulings of motions panels of the Eighth Circuit in *O'Brien v. United States Department of Health and Human Services*, No. 12-3357, Order (8th Cir. Nov. 28, 2012), and *Annex Medical, Inc. v. Sebelius*, No. 13-1118, Order (8th Cir. Feb. 1, 2012), granting injunctions pending appeal in cases similar to this one challenging the contraceptive coverage regulations, defendants write to inform the Court that they do not oppose plaintiffs' Motion for Preliminary Injunction/Stay, ECF No. 7, until such time as the appeal in *O'Brien* or *Annex Medical*, is resolved, or until the Supreme Court issues a ruling in a substantially similar case, whichever occurs first.

For the reasons stated in defendants' oppositions to plaintiffs' motions for preliminary injunction in *O'Brien* and *Annex Medical*, *see* Defs.' Mem. of Law in Opp'n to Pls.' Mot. for Prelim. Inj., *O'Brien v. U.S. Dep't of Health & Human Servs.*, No. 4:12-cv-00476-CEJ (E.D. Mo. Sept. 14, 2012), ECF No. 47; Defs.' Mem. of Law in Opp'n to Pls.' Mot. for Prelim. Inj., *Annex Medical v. Sebelius*, No. 12-cv-02804-DSD-SER (D. Minn. Dec. 12, 2012), ECF No. 17, as well as the district courts' decisions denying preliminary relief in those cases, *see O'Brien v.*

*U.S. Dep't of Health & Human Servs.*, 894 F. Supp. 2d 1149 (E.D. Mo. 2012); *Annex Medical, Inc. v. Sebelius*, No. 12-cv-02804-DSD-SER, 2013 WL 203526 (D. Minn. Jan. 17, 2013), defendants do not believe that plaintiffs are likely to succeed on the merits of any of their claims, and believe that the decisions of the motions panels in *O'Brien* and *Annex Medical* were incorrect. Furthermore, the decisions of the motions panels in *O'Brien* and *Annex Medical* are not binding on this Court. *See In re Rodriquez*, 258 F.3d 757, 759 (8th Cir. 2001); *see also United States v. Henderson*, 536 F.3d 776, 778 (7th Cir. 2008); *Lambert v. Blackwell*, 134 F.3d 506, 513 n.17 (3d Cir. 1997).[1] Nonetheless, defendants acknowledge that, even if this Court were to agree with defendants and deny plaintiffs' request for a preliminary injunction, plaintiffs would likely then seek an injunction pending appeal, which would likely be granted for the reasons already articulated by the motions panel in *Annex Medical*. *See Annex Medical*, No. 13-1118, Order at 5-6 (8th Cir. Feb. 1, 2013) (granting plaintiffs' motion for an injunction pending appeal, "consistent with the *O'Brien* order," because "there is a significant interest in uniform treatment of comparable requests for interim relief within this circuit"). Therefore, defendants do not oppose the entry of preliminary injunctive relief in favor of plaintiffs based on their Religious Freedom Restoration Act ("RFRA") claim at this time, to last until one of the pending Eighth Circuit appeals is resolved or until the Supreme Court issues a ruling in a substantially similar case.[2] Defendants would suggest that the preliminary injunction remain in effect until

---

[1] In addition, the Third Circuit and the Sixth Circuit have reached different conclusions than the motions panels in *O'Brien* and *Annex Medical*. *See Conestoga Wood Specialties Corp. v. Sebelius*, 724 F.3d 377 (3d Cir. 2013), *petition for cert. pending*; *Autocam Corp. v. Sebelius*, 730 F.3d 618 (6th Cir. 2013), *petition for cert. pending*.

[2] Defendants note that there are factors in this case that may distinguish it from *O'Brien* and *Annex Medical*. Among other things, the individual plaintiff does not wholly own the company plaintiff. *See* Compl. ¶¶ 3, 50, ECF No. 1. Instead, there is at least one other shareholder who is not a plaintiff in this case. *Id*. Defendants nevertheless believe it would be prudent for the Court to await the Eighth Circuit's views on the general legal issues presented in *O'Brien*, *Annex Medical*, before assessing the import of these differences, and others, in this case.

2

thirty days after the first of these events occurs, to give the Court and the parties sufficient time to assess the impact of the Eighth Circuit's or Supreme Court's ruling on this case.

Defendants also respectfully ask this Court to stay all proceedings in this case pending the resolution of the appeal in *O'Brien* or *Annex Medical*, or unless and until Supreme Court issues a ruling in a substantially similar case, whichever occurs first.[3] "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). In the *O'Brien* and *Annex Medical* appeals, the Eighth Circuit will be addressing legal issues that are substantially similar to those presented in this case, involving facts that are analogous to those in this case, challenging the same regulations that are challenged in this case, and raising claims that are also largely indistinguishable from those in this case brought against the same defendants as those in this case. Among the questions that the Eighth Circuit may very well decide are: (1) whether a for-profit, secular corporation can exercise religion under RFRA; (2) whether an obligation imposed on a corporation can be a substantial burden on the corporation's owners under RFRA; (3) whether any burden imposed on the corporation or its owners under the challenged regulations is too attenuated to qualify as "substantial" under RFRA; and (4) whether the challenged regulations are narrowly tailored to serve compelling governmental interests. Thus, even if the Eighth Circuit's or the Supreme Court's ruling does not entirely dispose of this

---

[3] Defendants note that the Eighth Circuit heard oral argument in *O'Brien* for October 24, 2013. Moreover, on September 19, 2013, the government filed a petition for a writ of certiorari from the en banc Tenth Circuit's decision in *Hobby Lobby Stores, Inc. v. Sebelius*, 723 F.3d 1114 (10th Cir. 2013), another case in which the plaintiffs challenge the contraceptive coverage requirement as applied to for-profit corporations and their owners. Petitions for certiorari are also pending in *Conestoga* and *Autocam*, *Gilardi v. U.S. Dep't of Health & Human Servs.*, --- F.3d ----, 2013 WL 5854246 (D.C. Cir. Nov. 1, 2013), and *Eden Foods, Inc. v. Sebelius*, 733 F.3d 626 (6th Cir. 2013), all of which raise issues similar to those presented here.

case, the outcome of the appeals is likely to substantially affect the outcome of this litigation, and the Court and the parties will undoubtedly benefit from Eighth Circuit's or the Supreme Court's views.

If this case is not stayed, defendants will file a motion to dismiss the case for failure to state a claim. This motion will raise many of the same legal issues that are likely to be addressed by the Eighth Circuit. It would be highly inefficient to spend the resources and time of the parties and this Court for litigation to proceed on these issues simultaneously in both courts. *See Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1094 (E.D. Cal. 2008) ("[T]he district court has broad discretion to decide whether a stay is appropriate to promote economy of time and effort for itself, for counsel, and for litigants."). Nor will there be any prejudice to plaintiffs if the proceedings are stayed, as they will have the benefit of a preliminary injunction during the pendency of the stay.

Finally, defendants note that several district courts—including the district court in *Annex Medical*—have stayed proceedings in similar circumstances in litigation challenging the preventive services coverage regulations. *See, e.g.*, Order, *Annex Medical, Inc. v. Sebelius*, No. 12-cv-02804-DSD-SER (D. Minn. Jan. 25, 2013), ECF No. 53; Order, *SMA, LLC v. Sebelius*, No. 0:13-01375-ADM-LIB (D. Minn. July 8, 2013), ECF No. 14; Order, *Hall v. Sebelius*, No. 0:13-cv-00295 (D. Minn. Apr. 2, 2013), ECF No. 11.

For these reasons, defendants ask this Court to stay all proceedings in this case pending resolution of the appeal in *O'Brien* or *Annex Medical*, or unless and until the Supreme Court issues a ruling in a substantially similar case, whichever occurs first.

Respectfully submitted this 25th day of November, 2013,

                              STUART F. DELERY
                              Assistant Attorney General

JOHN R. MARTI
Acting United States Attorney

JENNIFER RICKETTS
Director

SHEILA M. LIEBER
Deputy Director

*/s/ Bradley P. Humphreys*
BRADLEY P. HUMPHREYS (VA Bar No. 83212)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W. Room 7310
Washington, D.C. 20530
Tel: (202) 514-3367
Fax: (202) 616-8470
Email: bradley.p.humphreys@usdoj.gov

*Attorneys for Defendants*